STILES v. JUDSON et al.

(District Court, E. D. Missouri, E. D. April 27, 1914.)

No. 4249.

TRUSTS (§ 56*)—VALIDITY—CAPACITY OF CREATOR—LACHES—DELAY IN BRINGING SUIT.

A bill to set aside an agreement made by a decedent disposing of his property in trust for the benefit of himself and his wife during their lives and of his descendants after their deaths, on the ground of his age and mental incapacity when it was executed, filed by an adult daughter 14 years after the agreement was executed and had gone into operation, and nearly 10 years after his death, *held* to disclose such laches on the part of complainant as to bar the right to relief in equity.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 76; Dec. Dig. § 56.*]

In Equity. Suit by Reba Cole Stiles against Frederick N. Judson and others. On motions to dismiss bill. Motions sustained.

Frank K. Ryan and Chester H. Krum, both of St. Louis, Mo., for plaintiff.

Judson, Green & Henry and Arthur N. Sager, all of St. Louis, Mo., for defendants.

DYER, District Judge. This is a bill in equity brought by Reba Cole Stiles, a resident and citizen of the state of New York, against Frederick N. Judson, Richard H. Cole, Hallie Cole Hebert, Ernest H. Cole, Herman C. Cole, Nathan Cole, Jr., Amadee B. Cole, Rebecca L. Cole, and the Nathan Cole Investment Company, defendants.

It appears from this bill that the complainant is a daughter of Nathan Cole, deceased; that Nathan Cole died March 4, 1904, intestate. It further appears that in 1899 a corporation was formed under the laws of the state of Missouri, by Nathan Cole and others, with a capital stock of $300,000, divided into 3,000 shares of $100 each. To this corporation Nathan Cole and his wife conveyed practically all of his real estate and other property, and received in consideration therefor all of the stock of said corporation; that is to say, 2,600 shares to Nathan Cole and 400 shares to his wife, Rebecca L. Cole.

Subsequently, to wit, on the 21st of June, 1899, an agreement in writing was entered into by and between Nathan Cole and his wife, Rebecca L. Cole, parties of the first part, and Frederick N. Judson, as party of the second part. This agreement is set forth in the bill of complaint in hæc verba. While the agreement is lengthy, it is necessary to a full understanding of the situation that the same should be inserted here. The agreement is as follows:

"This agreement, by and between Nathan Cole and Rebecca L. Cole, his wife, of the city of St. Louis, and state of Missouri, parties of the first part, hereinafter called the first parties, and Frederick N. Judson, of the city of St. Louis, and state of Missouri, hereinafter called the second party, witnesseth:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"That whereas, the parties of the first part have conveyed the real estate and personal property belonging to each of them to the body corporate known as the Nathan Cole Investment Company, in consideration of the issue to said Nathan Cole of twenty-six hundred shares of the full paid capital stock of said company, and of the issue to said Rebecca L. Cole of four hundred (400) shares of the full paid capital stock of said company, each of the said shares being of the par value of one hundred ($100.00) dollars, in a total capitalization of three hundred thousand ($300,000) dollars, a full description of said real estate and personal property conveyed by each of the parties of the first part to said corporation being set forth in the respective deeds of conveyance, and in the records of said corporation, and to which reference is made:

"And, whereas, said corporation was organized and said conveyances were made by the first parties in view of their advanced years and of the uncertainties of life, in order to facilitate the management of their estates and the securing of the income thereof during their joint lives, and of the survivor of them during his or her life, and also to facilitate the distribution of said properties so represented by said capital stock among the children of said first parties:

"Now, therefore, for the purpose of more effectually securing the said purposes, by an irrevocable settlement in trust of their respective estates represented by the capital stock of said corporation, and in consideration of the premises and of the sum of one dollar paid by the second party, the receipt of which is hereby acknowledged, the said first parties hereby assign, transfer and set over unto the second party the entire capital stock of said body corporate, the Nathan Cole Investment Company, the said Nathan Cole so assigning, transferring and setting over the entire twenty-six hundred (2,600) shares to which he is entitled, three of said shares being held, one share each, by Amadee B. Cole, Ernest H. Cole and Percival V. Cole, for the purpose of organization; and Rebecca L. Cole, so assigning, transferring and setting over the entire four hundred (400) shares to which she is entitled; and the said three thousand (3,000) shares so assigned, and the certificates therefor, being delivered to said second party in trust, and the said trusts are herein specifically declared and set forth as follows:

"First. Said trustee shall hold the certificates of stock so transferred to him, and at his discretion he may cause the same to be transferred to himself in trust on the stock book of said company, if he deem such transfer on the books necessary or proper for the preservation of his title in trust, and at the annual election for directors of said corporation, the said trustee shall vote all of said stock, excepting the three shares so held as aforesaid for the purpose of maintaining said corporation, and excepting also such other shares as he may, in his discretion, from time to time, with the consent of the first parties, or the survivor of them, assign to other parties for the purpose of maintaining said organization, or for qualifying for election to the position of director in said company; provided, however, that during the life of the parties of the first part and the survivor of them, no person other than the first parties or the survivor of them or their children herein named, shall be voted for by said second party for said office of director, excepting that the first parties or the survivor of them request the said trustee to vote for some other party or parties therefor.

"Second. All dividends earned and declared on said stock shall be paid to said Nathan Cole during his life, and after his death, to said Rebecca L. Cole, if she then survives, during her life; and the said trustee shall make from time to time whatever assignment or order, or direction in writing, that may be required for the purpose of effectuating such payment; so that the entire net income of said property so represented by said stock as declared in dividends, shall be paid as herein directed.

"Third. On the death of the survivor of said first parties hereto, this trust shall terminate and the entire stock herein conveyed, including all shares then standing in the name of said trustee or his successor in trust, and any shares held by the parties above named, or other parties for the purpose of maintaining the organization of said corporation, to wit, the total three thousand

shares, shall be apportioned and distributed by the second party, or his successor in trust, in equal parts to the children of the first parties who shall be then living, to wit, Amadée B. Cole, Ernest H. Cole, Nathan Cole, Jr., Richard H. Cole, Herman C. Cole, Percival V. Cole, Hallie Cole Hebert and Reba Cole Stiles; and said trustee or his successor in trust shall thereupon cause said certificate to be canceled and new certificates to be issued to the parties entitled thereto. If any one of said children so named shall have died before the death of the survivor of said first parties, leaving child or children living at the time of the death of such survivor, such child or children shall take the share which would have gone to the deceased ancestor; but if any one or more of said children of the first parties shall die before the time thus fixed for the distribution of the estate, leaving no children or their descendants living at such time, then the share of the child or children so dying shall go to the survivor of such children of first parties or descendants, provided that during the joint lives of the first parties and the life of the survivor of them, there shall be no right of anticipation or alienation of interest in said stock by any of said children named, or their descendants, and any attempted anticipation, or alienation by any one of them shall be wholly void; provided, further, that the said trustee shall retain the shares thus allotted to each of the said daughters of the first parties, Hallie Cole Hebert and Reba Cole Stiles, causing a certificate to be issued to himself, as trustee, in trust for each, for her separate use for and during her natural life, paying to each the dividends accruing upon the share so held in trust for her, upon her personal receipt, without any power in either of said beneficiaries of anticipation or alienation and upon the death of each of said beneficiaries, said Hallie Cole Hebert and Reba Cole Stiles, the trust as to her shall terminate and the stock so theretofore held in trust as to her shall be assigned and delivered to her lawful heirs.

"Fourth. The second party, said trustee, may at any time resign his trust by notification in writing to the parties of the first part, or the survivor of them, or after the death of said survivor, may in like manner resign said trust as to either or both of said beneficiaries, said Hallie Cole Hebert and Reba Cole Stiles by notice in like manner to said beneficiary and upon such resignation the said trust shall vest in the Union Trust Company of St. Louis, and the trust company shall thereupon succeed as trustee upon receiving notice in writing from said retiring trustee, and shall thereupon be entitled to and shall receive all the stock so held in trust by said second party with all the powers and subject to all the duties hereinbefore declared, to the same extent as if said trust company had been designated as the original trustee in the first instance in this agreement. So in like manner, if said second party shall die or become disabled in any manner from performing the duties of said trust before the termination thereof, by death of last surviving beneficiary, the said Union Trust Company shall succeed as trustee and exercise all the powers and perform all the duties of said trust as herein declared until the termination thereof, as fully in all respects as if the said trust company had been designated as the original trustee in this agreement.

"Fifth. The second party and his successor in trust shall be entitled to receive from the dividends declared on the stock, or from said Nathan Cole Investment Company, a reasonable compensation for services as trustee, not exceeding the amount allowed by law to executors and administrators for similar services, and said second party herein, while serving as trustee hereunder, may also act as attorney or counselor of the trust, if such services are required, either in his opinion or in the opinion of the party or parties of the first part, receiving for such services reasonable compensation in addition to such compensation as trustee.

"(The words 'of first parties' interlined before execution on third page.)

"In witness whereof, the parties hereto set their hands and seals this 21st day of June, 1899.                           Nathan Cole. [Seal.]
                                           "Rebecca Cole.   [Seal.]
                                           "Frederick N. Judson.   [Seal.]

"Witness: John F. Green.
          "[60.00 Internal Revenue Stamps.]"

This bill is brought by the complainant, who is one of the children of Nathan Cole, deceased, and is mentioned in the aforesaid agreement. The bill, although lengthy, charges substantially that Nathan Cole prior to the date of said agreement had become mentally demented and physically infirm, and that at the time of the execution of said agreement he was of unsound mind and incapable of managing his affairs. For that reason the complainant seeks to have this agreement set aside. This is the gravamen of the whole case.

The defendants, Frederick N. Judson, Nathan Cole, Jr., and Amadee B. Cole, filed separate motions to dismiss the bill. The motions are substantially the same, and the grounds alleged in these motions are: (1) The bill does not state sufficient facts to constitute a valid cause of action in equity. (2) That the cause of action is barred by the five-year statute of limitations of the state of Missouri. (3) That the complainant has been guilty of such laches and delay in filing the suit that it cannot now be maintained in a court of equity. (4) If the facts stated in the bill are true, the only proper party to bring such action would be the administrator of the estate. (5) The bill of complaint is defective in the nonjoinder of the necessary parties, to wit, the grandchildren of Nathan Cole, the children of the complainant, and of the defendant Hallie Cole Hebert, and such children are necessary parties to the suit. (6) That the same cause of action is now pending in the circuit court of the city of St. Louis, between the same parties, and was so pending at the time this suit was instituted.

Some question has been raised as to whether or not the allegation that a similar suit was pending, at the time of the institution of this suit, in the state court, involving the same question, may be taken advantage of by a motion to dismiss. It was insisted upon the hearing of this matter that that could only be made to appear by an answer under the rules recently adopted by the Supreme Court of the United States.

In the view the court takes of this case it is not necessary that I should pass upon the various questions raised by these motions, and I prefer to rest this decision upon the third cause assigned for the dismissal of the case, to wit, that the complainant has been guilty of such laches and delay in the filing of this suit that it cannot be maintained in a court of equity.

The agreement against which this bill is leveled was made in March, 1899, and, from that time up to the time of Nathan Cole's death in 1904, was in full operation and was being executed as directed in said agreement.

This bill of complaint appears here 14 years after that agreement was made, and almost 10 years after the death of Nathan Cole. The charge is that Nathan Cole was mentally demented and of unsound mind and physically incapacitated in 1899, and was therefore incapable of making the agreement.

Nathan Cole was an old man when he died, and those of his acquaintances and conferees in 1899 must, many of them, have passed away by this time. The evidence that would otherwise have been

available had the case been brought earlier cannot in the nature of things be had now.

While not stopping to discuss the other grounds alleged in these motions to dismiss, I may say in passing that if it be true, as alleged in the motions to dismiss, that a similar suit was pending in the state circuit court at the time of the filing of the complainant's bill of complaint, this court would not take jurisdiction of the case, but would remit the parties to the remedy in the forum first chosen; and I may also say that the children or heirs of the complainant here would be necessary parties to the determination of this cause, for by this agreement the heirs of the complainant have vested interests. But as I have before said, the laches of this complainant effectually, in my judgment, disposes of this case.

The bill is dismissed.